UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADAM L. HALL,
                Plaintiff,

v.                                                                           CIVIL ACTION NO. 19-30134

HELLS ANGELS U.S.A., INC. et al.,
                Defendants.

<u>REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)</u>
(Dkt. No. 14)

ROBERTSON, U.S.M.J.

For the reasons stated below, this Court recommends that this action be dismissed because, upon screening under 28 U.S.C. §1915, the action fails to state a federal claim upon which relief can be granted.

I.      <u>BACKGROUND</u>

Pro se plaintiff Adam L. Hall ("Hall"), a prisoner serving a life sentence for a triple homicide,[1] alleges that Hells Angels U.S.A. Inc. ("the Hells Angels") through the individual defendants, who are alleged to be Hell's Angels members, acted in breach of promises by the Hells Angels to him to provide him with criminal defense lawyers and to protect his property if his membership in that organization was used against him in criminal proceedings. According to Hall, the Hells Angels breached their agreement with him when, after he was questioned by the police, he was removed as a member of the Hells Angels in 2011. Subsequently, the Hells

---

[1] According to the Massachusetts Supreme Judicial Court, in February 2014, Hall "was found guilty by a [Massachusetts] jury of three counts of murder in the first degree for the brutal killings of David Glasser, Edward Frampton, and Robert Chadwell." *Commonwealth v. Hall*, 147 N.E.3d 1078, 1085 (Mass. 2020). The motive behind the murders was "to prevent Glasser from testifying against [Hall] in two pending criminal cases." *Id.* At the time of the murders in 2011, Hall was a sergeant at arms in the local chapter of the Hells Angels. *Id.* at 1087 n.4.

Angels did not provide him with criminal defense attorneys and did not protect his property. Rather, according to Hall, his real and personal property was in many instances stolen by Hells Angels members.

In September 2015, Hall filed a complaint in the United States District Court for the District of Massachusetts making similar, if not identical, factual allegations as he makes in the instant action. *Hall v. Zeitler*, No. 3:15-cv-30182-MGM (D. Mass. filed Sept. 22, 2015) ("the 2015 Action"). In the 2015 Action, this court issued a Report and Recommendation recommending that the 2015 Action be dismissed because the complaint failed to state claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 ("RICO"). *Id.*, slip op. at 4-9 (D. Mass. May 12, 2016). This court further recommended that the presiding District Judge decline to exercise supplemental jurisdiction under 28 U.S.C. §1367(c) over Hall's related state law claims because the parties were not diverse within the meaning of 28 U.S.C. §1332. *Id.*, slip op. at 9-10. Hall did not file an objection to the Report and Recommendation. On June 2, 2016, the Honorable Mark G. Mastroianni adopted the Report and Recommendation and dismissed the action without prejudice. *See Hall v. Zeitler*, Civil Action No. 15-30182-MGM, 2016 WL 5110478, at *1 (D. Mass. Sept. 20, 2016). Hall did not appeal the judgment.

Over three years later, on September 30, 2019, Hall filed the instant action, naming the Hells Angels, 19 individual defendants identified by name, and an unknown number of additional defendants not identified by name at this time (Compl. ¶¶ 1-20). On December 9, 2019, Hall was ordered to file an amended complaint and to address whether diversity jurisdiction existed under 28 U.S.C. §1332 (Dkt. No. 4). On January 6, 2020, Hall filed an amended complaint that still did not comply with the basic pleading requirements of the Federal Rules of Civil Procedure (Dkt. No. 7). Hall was provided a final opportunity to amend his

complaint and was ordered to comply by August 31, 2020 (Dkt. No. 12).  On August 27, 2020, Hall filed a Second Amended Complaint (Dkt. No. 14) ("the Second Amended Complaint" or "SAC").  The SAC was docketed under seal at Hall's request.

Because Hall is proceeding without prepayment of fees (Dkt. No. 4), the SAC is subject to review to determine if it satisfies the requirements of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2) and 28 U.S.C. §1915A.  For the reasons that follow, the undersigned recommends that Plaintiff's SAC (Dkt No. 14) be dismissed with prejudice.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1).

    II.    DISCUSSION

    A.    Hall's Action is Subject to Screening

Hall's amended complaint is subject to review to determine if it satisfies the requirements of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2).  This statute directs federal district courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious or frivolous, fails to state a claim upon which relief can be granted, or seeks monetary or other relief against a defendant who is immune from such relief.  *See id.; see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  For purposes of the preliminary screening, the court liberally construes Hall's complaint because he is self-represented.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

    B.    Hall's SAC Fails to Comply with the Basic Pleading Requirements
          of the Federal Rules of Civil Procedure.

Hall's Second Amended Complaint fails to comply with the Rule 8 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a) (requiring a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief.").  "District courts have the

power to dismiss a complaint that does not comply with Rule 8(a)(2)'s 'short and plain statement' requirement." *Padmanabhan v. Hulka*, 308 F. Supp. 3d 484, 496 (D. Mass. 2018) (citing *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991)).

Instead of providing a "short and plain statement" demonstrating that he is entitled to relief, Hall has filed a lengthy narrative in a form that would be difficult, if not impossible, for any defendant to answer. The claims are not set forth in numbered paragraphs, Fed. R. Civ. P. 10(b), or separate counts as to each transaction or occurrence, Fed. R. Civ. P. 10(c). Given that Hall has been provided several opportunities to amend his complaint, the action is subject to dismissal on this ground. Nevertheless, because Hall is self-represented and has sought to comply with this court's directives, the court will address the claims on their merits.

      C.      <u>Hall's RICO Claims are Barred by the Statute of Limitations</u>

Assuming *arguendo* that Hall is entitled to assert claims under the RICO statute, [2] those claims are subject to a four-year statute of limitation and are therefore barred. *Padmanabhan v. Hulka*, 308 F. Supp. 3d 484, 494 (D. Mass. 2018). "The statute begins to run on such a claim 'when a plaintiff knew or should have known of his injury.'" *Id.* (citing *Rotella v. Wood*, 528 U.S. 549, 553 (2000) (adopting injury discovery accrual rule)). Here, while Hall filed his prior RICO action on October 20, 2015, he signed the complaint on September 22, 2015. 2015 Action (Dkt. No. 1). Hall filed the instant action on September 30, 2019. He signed the complaint on September 25, 2019 (Dkt. No. 1). The complaint alleges that the defendants failed to honor their obligations to him as of 2011 when he was arrested and thereafter converted his personal

---

[2] The Court is skeptical that Congress intended that an individual who alleges that he participated in a purported RICO enterprise should be entitled to reap the benefits of his misconduct and thereafter recover under RICO as a victim of that enterprise. This court need not, and does not, decide this issue.

property. Hall was convicted and sentenced to life in prison without the possibility of parole in February 2014. The acts on which he bases his RICO claims – the alleged theft of his personal and real property and the failure to pay for retained counsel – were completed by 2011 when, according to Hall, the Hells Angels cut him off from what he claims were the promised benefits of his agreement with the Hells Angels because he cooperated with law enforcement, or in 2014, when Hall was tried for murder in state court, represented by appointed counsel, or at the latest, by the time he filed his 2015 complaint with this court asserting these claims (Dkt. No. 14 at 7). Hall's prior case did not toll the statute of limitations because "an involuntary dismissal made without prejudice but as a sanction does *not* toll the statute of limitations under common law and equitable principles." *López-González v. Municipality of Comerío*, 404 F.3d 548, 554 (1st Cir. 2005) *Skidmore v. Am. Airlines, Inc.*, 198 F. Supp. 2d 131, 134 (D.P.R. 2002) (with respect to a federal claim where Congress has provided a statute of limitation, once judgment is entered for a dismissal without prejudice, it is as if the first suit had never been filed) (citing *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995)). Because the RICO claims in this action were not timely filed, this court recommends that they be dismissed.

  D. <u>Plaintiff Fails to State a Claim upon which Relief can be Granted under RICO</u>

  Even if Hall's RICO claims were timely filed, which they were not, for the reasons set forth in this court's May 12, 2016 Report and Recommendation in the 2015 Action, Hall's SAC fails to state a RICO claim. The portion of May 12, 2016 Report and Recommendation that discussed why Hall's allegations in the 2015 action failed to state a viable RICO claim apply equally to the SAC and are adopted herein by reference. *Hall v. Zeitler*, No. 15-cv-30182-MGM, slip op. at 4-9 (May 12, 2016). For the reasons set forth in the May 12, 2016 Report and Recommendation, this court recommends that Hall's RICO claims be dismissed with prejudice.

E.      No Diversity Jurisdiction Over Plaintiff's State Law Claims

Absent a cognizable federal claim, any remaining possible state claims are not properly before this court because diversity jurisdiction is absent under 28 U.S.C. §1332.  Diversity jurisdiction is established in cases where there is: (1) $75,000 in controversy and, (2) the civil action is between the citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction exists only when there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant."  *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir. 2005).  Here, based on the face of the complaint, plaintiff is a presumed Massachusetts citizen alleging claims against at least some other Massachusetts citizens.  "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state."  *Hall v. Curran*, 599 F.3d 70, 71 (1st Cir. 2010).  While the presumption is rebuttable, *id*., it is evident from the face of his SAC that Plaintiff views his incarceration in Florida as transitory.  ("The court must … order … the Department of Corrections to provide an attorney to bring plaintiff and his property and legal file back to Massachusetts ….") (SAC at 18).  Moreover, based on the SJC's affirmance of Hall's conviction, Hall remains in the custody of the Massachusetts Department of Corrections, and will so remain until his death, because he has been sentenced to life in prison without the possibility of parole.  *Hall*, 147 N.E.3d at 1103.  He is incarcerated in Florida by legal compulsion, not by choice, and, accordingly, has not acquired a domicile in Florida.  *See Exeter Hosp., Inc. v. Kwiatkowski*, Civil No. 14-cv-09-PB, 2014 WL 1795055, at * 3 (D.N.H. May 6, 2014) (citing *Hall*, 599 F.3d at 72).  It is a reasonable inference from the initial complaint in this case and the SAC that some of the individuals named as defendants by Hall are, like Hall, domiciled in Massachusetts (Compl., ¶¶ 1, 3-7, 10, 12-13, 15, 19).  Notwithstanding Hall's

invocation of diversity jurisdiction, it is apparent from the face of the initial complaint and the SAC that the parties are not completely diverse and that there is no basis for diversity jurisdiction.

    D.  The Court Should Decline to Exercise Supplemental Jurisdiction.

Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction."  28 U.S.C. § 1367(c); *see Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 104 (1st Cir. 2004) (citing *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.")); *see also Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (reaffirming the principle that it is generally an abuse of discretion for a federal district court to exercise supplemental jurisdiction over pendent state-law claims when the anchoring federal-law claim is dismissed well in advance of trial).  Here, the Court should decline to exercise supplemental jurisdiction over Plaintiff's possible state-law claims.

III. CONCLUSION

For the reasons set forth above, the court recommends that the case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702

September 21, 2020                                              <u>Katherine A. Robertson</u>
                                                                KATHERINE A. ROBERTSON
                                                                UNITED STATES MAGISTRATE JUDGE

---

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.