UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM L. HALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HELL'S ANGELS U.S.A., INC. et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 19-30134-MGM |

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION FOR SUMMARY DISMISSAL
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)
(Dkt. Nos. 14, 16)

March 22, 2021

Magistrate Judge Katherine A. Robertson has recommended that this court dismiss this action filed, *pro se*, by Adam L. Hall ("Plaintiff"). Judge Robertson explained that (1) Plaintiff's Second Amended Complaint (Dkt. No. 14) does not comply with Rule 8 of the Federal Rules of Civil Procedure, despite the fact that he received several opportunities to amend the complaint to cure such deficiencies; (2) Plaintiff's federal civil RICO claim is clearly barred by the four-year statute of limitations; (3) the civil RICO claim in any event fails to state a claim upon which relief can be granted for the reasons explained in Judge Robertson's May 12, 2016 Report and Recommendation addressing a virtually identical action (15-cv-30182-MGM) which was dismissed without prejudice; and (4) Plaintiff has not established the existence of diversity jurisdiction, so the court should decline to exercise supplemental jurisdiction over any remaining state-law claims. (*See* Dkt. No. 16.) Plaintiff thereafter filed an Objection to the Report and Recommendation as well as a "Motion to Stop Dismissal" and a "Petition for En Banc Review" of Judge Robertson's Report and

Recommendation. (Dkt. Nos. 18, 19, and 20.)

This court agrees with the thorough and well-reasoned analysis presented in the Report and Recommendation. In particular, it is clear beyond doubt that Plaintiff's RICO claim is barred by the four-year statute of limitations, when the underlying events occurred in 2011 and Plaintiff's state murder trial occurred in 2014. (*See* Dkt. No. 16 at 4-5.) This action was not filed until September 30, 2019. (Dkt. No. 1.) Accordingly, Plaintiff's only federal claim will be dismissed with prejudice.

This court also agrees with Judge Robertson that Plaintiff has not established the existence of diversity jurisdiction. In Plaintiff's "Petition for En Banc Review," he states that he "is a Vermont resident" and that "named defendants are from" Massachusetts and Vermont, among other states. (Dkt. No. 20 at 6.) Whether viewed as a Massachusetts citizen, as Judge Robertson concluded, or a Vermont citizen, as Plaintiff appears to assert, the result is the same; complete diversity of citizenship is lacking. *See Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."). Therefore, to the extent Plaintiff's Second Amended Complaint can be read to assert any state-law claims, the court will decline to exercise supplemental jurisdiction over such claims and dismiss those claims without prejudice.[1]

---

[1] In the Second Amended Complaint, Plaintiff includes an irrational and baseless allegation that he "was involved in making bribery payments" to the undersigned while in private practice in a scheme "to pay off judges." (Dkt. No. 14 at 13; *see also* Dkt. No. 18 at 1; Dkt. No. 20 at 2-3.) This unsupported allegation, which was not included in Plaintiff's earlier complaints in this action or in the 2015 action, appears unrelated to his other allegations and does nothing to disturb the conclusion that Plaintiff's RICO claim is untimely or that he fails to establish diversity jurisdiction. Instead, the allegation strikes the court as an attempt "to manipulat[e] the system for strategic reasons . . . to obtain a judge more to [Plaintiff's] liking." *In re Bulger*, 710 F.3d 42, 47 (1st Cir. 2013). Plaintiff did not file a motion for recusal in this action or in the 2015 action, much less a timely motion, *see In re U.S.*, 441 F.3d 44, 65 (1st Cir. 2006) ("[I]n general, a party must raise the recusal issue at the earliest moment after [acquiring] knowledge of the [relevant] facts."); and the court will not recusal itself *sua sponte* based on such unsupported falsehoods. *See In re Boston's Child. First*, 244 F.3d 164, 167 n.5 (1st Cir. 2001) (explaining that "[w]e have refused to require recusal based on misrepresentations or falsehoods"); *United States v. Voccola*, 99 F.3d 37, 42 (1st Cir. 1996) ("[U]nless a party can establish a reasonable factual basis to doubt a judge's impartiality by some kind of probative evidence, then a judge *must* hear a case as assigned." (internal quotation marks omitted)); *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981) ("[A] judge once having drawn a case should not recuse himself on a unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges."); *United States v. Bulger*, 2012 WL 2914463, at *3 (D. Mass. July 17, 2012) ("It would be institutionally

2

Accordingly, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 16.) As a result, Plaintiff's federal RICO claim is DISMISSED WITH PREJUDICE, and any remaining state-law claims are DISMISSED WITHOUT PREJUDICE. In addition, the court DENIES AS MOOT Plaintiff's "Motion to Rehear-Reconsider and Re-Rule" (Dkt. No. 9), "Motion to Stop Dismissal" (Dkt. No. 19), and "Petition for En Banc Review" (Dkt. No. 20). This case shall be closed.

It is So Ordered.

      /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

irresponsible for me, or for that matter, any other judge, to enter a recusal in a case where a party has chosen to make untrue accusations in the possible hope of subverting that process . . . .").